## STATE v. S. ROSEN.[1]

May 18, 1923.

No. 23,400.

Conviction sustained by evidence.

The evidence sustains the verdict finding the defendant guilty of arson in the third degree.

Defendant was indicted by the grand jury of Ramsey county charged with the crime of arson in the second degree, tried in the district court for that county before Sanborn, J., who when plaintiff rested denied defendant's motion to dismiss the action and a jury which found defendant guilty of arson in the third degree. From the judgment of conviction, defendant appealed.    Affirmed.

*Herbert P. Keller, George C. Chapin* and *Bruce J. Broady,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, *Harry H. Peterson,* County Attorney, and *Michael F. Kinkead,* Assistant County Attorney, for respondent.

DIBELL, J.

The defendant was convicted of arson in the third degree and appeals.

[1] Reported in 193 N. W. 594.

The defendant was the proprietor of a small tailor shop and store and cleaning establishment in St. Paul. On Sunday July 16, 1922, the shop was burned. He was indicted for setting it on fire. He came to the store at 8 in the morning, and worked there cleaning second-hand clothes. The fire started shortly after one in the afternoon. The storeroom was partitioned. He worked in the back room which was used as a workshop. He claims that he was cleaning clothes, using gasolene; that the pan of gasolene was set on fire by the ironer as he was brushing the clothes, dipping his brush in the gasolene; that he could not put out the fire; and that it spread rapidly. He claims that in trying to put out the fire he was burned. There is evidence corroborating this claim. In regard to his efforts to stop the fire and his movements after it started he says:

"I tried to push it out, I push it out in the back shop, but I can't do it any more because the fire was getting right on my face, and I get scared and I go around in the front, and I think of the can I got some more, I got some in, I take that right away, I will leave it outside."

Again he says:

"You see I figure I run outside, you see I don't know myself what I am doing, I don't know myself, because I am very scared, you know, and I don't know, and I get crazy."

And again:

"I tried to pick up the basin, you see, because the fire is coming right from the basin and come in my face, and I get scared, you know, and I try to run and I afraid, you see I am afraid, that in the front maybe it start, because I got not very much insurance on the stock."

Opposed to the defendant's claim there is testimony that he came out of the front door with a carton or box, locked the door, walked along the street to an alley, ran down the alley, dropped the box which contained the gasolene can. He then went to his home a couple of blocks from the store. The box had been in the front

room of the store. There is evidence that some of the materials in the store were to some extent saturated with gasolene. The fire was under way as the defendant went out. One witness says that the oil on top of the water, thrown by the fire department, burned.

The state in its evidence in chief offered no proof of motive. To show absence of motive the defendant offered proof that he had $2,000 insurance on his stock and fixtures and that they were worth from $3,000 to $3,600. On cross-examination he said he did not try to get more insurance, for it cost too much. On rebuttal there was evidence that on June 10, 1922, he sought $2,000 additional insurance, and that it was refused him. He does not afterwards deny this. The adjuster whom he chose the Monday after the fire estimated the loss on merchandise at $2,800. There is evidence of some of the salvage corps that a part of the boxes on the shelves were empty.

The defendant had never been in trouble before. Three witnesses testified as to his good character. The jury might have believed his story. They chose to disbelieve it. They adopted the theory that he set the fire. The evidence of it was circumstantial, perhaps not very strong, but such as to justify an inference of guilt. The verdict is sustained.

The case on its merits is not controlled in favor of the defendant by State v. McLarne, 128 Minn. 163, 150 N. W. 787, or State v. Jacobson, 130 Minn. 347, 153 N. W. 845, cited in his behalf.

The charge was clear and fair. No exception was taken to it. It is now claimed that there was a verbal inaccuracy in defining reasonable doubt. The claim does not require discussion.

Order affirmed.